UNITED STATES DISTRICT COURT
IN THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| Elena Rodriguez, et. al., | § | |
|    Plaintiffs, | § | |
| v. | § | C.A. No. C-04-281 |
| | § | |
| George E. "Eddie" Gonzalez | § | |
|    Defendants. | § | |

## ORDER AND MEMORANDUM OPINION DENYING DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

Pending before the Court is Defendant George E. "Eddie" Gonzalez's First Amended Motion to Dismiss for Plaintiff's Failure to State a Claim (D.E. 128). With respect to the claims of all plaintiffs, defendant's motion is DENIED.

A motion filed pursuant to FED. R. CIV. P. 12(b)(6) is viewed with disfavor and rarely granted. *Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 725 (5th Cir. 2002). The complaint must be liberally construed in plaintiff's favor, and all facts pleaded in the complaint must be taken as true. *Id.* A complaint should be dismissed only if "it appears beyond doubt that the plaintiff[s] can prove no set of facts in support of [their] claim which would entitle [them] to relief." *Id.* (*quoting Conley v. Gibson*, 355 U.S. 41, 45 (1957)).

## *I. Plaintiffs' § 1983 Fourteenth Amendment Claims*

Plaintiffs aver § 1983 claims predicated on Gonzalez's alleged violations of their Fourteenth Amendment due process and equal protection rights. Defendant Gonzalez argues that the applicable two-year statute of limitations bars recovery for alleged sexual harassment that occurred prior to May 20, 2002. *See Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001) (holding that Texas's two year personal injury statute of limitations supplies the relevant limitations period for § 1983 claims).

Gonzalez is alleged to have violated the plaintiff's rights over a period of many years. To the extent that Plaintiffs' § 1983 Fourteenth Amendment claims are based on discrete incidents that occurred prior to May 20, 2002, those claims would be barred. However, plaintiffs allege conduct occurring within the relevant time period that supports their § 1983 claims of sexual harassment and discrimination. Furthermore, for the purpose of establishing a § 1983 claim based on a hostile environment theory, discrete acts occurring beyond the relevant time period may also be considered. *Nat'l RR Passenger Corp., v. Morgan*, 536 U.S. 101, 115–118 (2002); *Frank v. Xerox Corp.*, 347 F.3d 130, 136 (5th Cir. 2003). Hostile work environment claims involve repeated conducted over long periods of time. *Morgan* at 115. They are based on the cumulative effect of several events. *Id.* As such, "provided that an act contributing to the claim occurs within the filing period, the entire time period of the hostile environment may be considered by a court for the purposes of determining liability." *Id.* at 117. Although *Morgan* involved Title VII's administrative filing deadlines, its rationale applies here. Because the claim may be based upon the cumulative effect of several

incidents, determining whether Gonzalez violated plaintiff's equal protection rights necessarily requires the consideration of conduct occurring beyond the relevant period.

Plaintiffs also plead facts supporting their § 1983 due process claims. With respect to any claims grounded in substantive due process, they each allege, with sufficient specificity, coercive sexual touching amounting to invasions of bodily integrity in violation of the 14th Amendment. *Doe v. Taylor Indep. School Dist*., 15 F.3d 443 (5th Cir. 1994). For the purposes of any procedural due process claims, they sufficiently state a claim for state deprivations of a liberty interest in interference with their freedom to work. *See Whiting v. University of Southern Mississippi*, 451 F.3d 339, 347 (5th Cir. 2006) (expressing that "[p]rotected liberty interests include the freedom to work and earn a living"); *Bd. of Regents of State Colleges. v. Roth*, 408 U.S. 564, 574–577 (1972).

Defendant Gonzalez, as part of his Rule 12(b)(6) motion, argues that plaintiffs have not sufficiently set out specific facts of actionable conduct by Gonzalez so as to overcome his defense of qualified immunity. In accordance with FED. R. CIV. P. 7(a) and *Schultea v. Wood*, 47 F.3d 1427 (5th Cir. 1995), the Court looks to Plaintiff's Third Amended Complaint (D.E. 87) and Plaintiffs' First Amended Rule 7(a) Reply (D.E. 149). To determine whether government officials are entitled to qualified immunity, the Court applies a two-step test. First, a court must decide whether a plaintiff's allegation, if true, establishes a violation of a clearly established right. *Alexander v. Eeds*, 392 F.3d 138, 144 (5th Cir. 2004) *(quoting Hernandez v. Tex. Dept. of Protective & Regulatory Servs*., 380 F.3d 872, 879 (5th Cir.

2004). Second, if the plaintiff has alleged a violation, "the court must decide whether the conduct was objectively reasonable in light of clearly established law at the time of the incident." *Id.*

With respect to plaintiffs' § 1983 due process and equal protection claims, the plaintiffs third amended complaint and Rule 7(a) reply reveal violations of clearly established rights. Specifically, plaintiffs allege facts constituting legally cognizable claims for sexual harassment in violation of their equal protection rights under the 14th Amendment, *Southard v. Texas Bd. of Criminal Justice*, 114 F.3d 539, 550 (5th Cir. 1997); invasions of bodily integrity in violation of their substantive due process rights, *see Doe*, 15 F.3d at 455–456; and deprivations of liberty without procedural due process, *Whiting*, 451 F.3d at 347. These are all claims for which relief can be granted. FED. R. CIV. P. 12(b)(6). If the allegations against him are true, Gonzalez's conduct was anything but objectively reasonable in light of the then existing clearly established law. Defendant Gonzalez is not entitled to dismissal based on qualified immunity.

Defendant Gonzalez contends that plaintiffs do not seek compensatory or punitive damages against him under § 1983, and that because he is no longer subject to injunctive relief in an official capacity, there exists no Article III case or controversy. Defendant's construction of the pleadings is incorrect. Plaintiffs, in their third amended complaint, seek compensatory relief from all defendants for violations of Title VII, as well as other relief "as may be warranted." Plaintiffs' Third Amended Complaint, pp. 59–60, d, e, j. In addition to

4

violating Title VII, sexual harassment claims in public employment also violate the Equal Protection Clause of the Fourteenth Amendment and are actionable under § 1983. *Southard*, 114 F.3d at 550. The relief plaintiffs seek under Title VII, and the other "legal relief as warranted," together amount to claims for compensatory relief under § 1983. This satisfies the justiciability requirements of Article III. *See Flast v. Cohen*, 392 U.S. 83, 94–97 (1968).

Defendant also argues, as a matter of law, that plaintiffs § 1983 claims are precluded because the alleged sexual harassment is exclusively actionable under Title VII. The Fifth Circuit has squarely addressed this contention and repeatedly held that § 1983 sexual harassment and discrimination claims are not precluded by Title VII, even when based on the same factual allegations. *Southard*, 114 F.3d at 448–550 (5th Cir. 1997)*; see also Johnston v. Harris County Flood Control Dist.*, 869 F.2d 1565, 1573–1574 (5th Cir. 1989) (holding that where unlawful employment practices encroach on rights that are independent of Title VII, § 1983 and Title VII overlap, providing supplemental remedies). Because sexual harassment can violate the Equal Protection Clause independent of Title VII, plaintiffs' § 1983 Fourteenth Amendment claims are not precluded.

## *II. Plaintiffs' § 1983 First Amendment Claims*

Defendant Gonzalez avers that plaintiffs have failed to allege with sufficient factual specification the elements of a First Amendment claim under § 1983 so as to overcome his defense of qualified immunity. The elements of a § 1983 First Amendment retaliation claim are: 1) plaintiff suffered an adverse employment action; 2) the speech involved a matter of

public concern; 3) the employee's interest in commenting on matters of public concern outweighed the government employer's interest in promoting efficiency; and 4) employee's speech motivated the adverse employment action. *Johnson v. Louisiana*, 369 F.3d 826, 830 (5th Cir. 2004).

Defendant Gonzalez contends plaintiffs Rodriguez and Aguilar[1] fail to allege facts supporting that the speech at issue in their retaliation claim involved a matter of public concern. "Whether an employee's speech addresses a matter of public concern must be determined by the content, form, and context of a given statement, as revealed by the whole record." *Salge v. Edna Independent School Dist*. 411 F.3d 178, 186 (5th Cir. 2005). Reports of sexual harassment perpetrated on public employees is a matter of great public concern. *Davis v. Ector County*, 40 F.3d 777, 783 (5th Cir. 1994). This is especially so when it concerns the operation of a law enforcement agency. *Id.* The First Amendment protects some expression related to the speaker's job, but affords less protection when the statements are made pursuant to the speaker's official duties. *Garcetti v. Ceballos*, 126 S.Ct. 1951, 1959–1960 (2006).

In this case, the totality of speech at issue in the plaintiffs' § 1983 First Amendment retaliation claim involves a matter of public concern. Plaintiffs Rodriguez and Aguilar allege that they reported incidents of sexual harassment perpetrated by a public official at a law enforcement agency. Exhibits attached to the plaintiffs third amended complaint suggest that

---

1. Plaintiffs Westrup and Balli-Kolpack have not asserted § 1983 retaliation claims against defendant Gonzalez.

plaintiff Rodriguez also conceivably could have suffered retaliation for reporting that other public employees had submitted fraudulent mileage reimbursement requests. The reports of sexual harassment and fraud occurring at the Nueces County Supervision & Corrections Department are matters of public concern for the purposes of plaintiffs' § 1983 retaliation claims. *Salge*, 411 F.3d at 186.

In addition to the public concern element, Defendant Gonzalez challenges that the factual allegations do not constitute legally cognizable instances of adverse employment action suffered by plaintiffs. Adverse employment actions for the purposes of § 1983 retaliation claims can include discharges, demotions, transfers, refusals to hire, refusals to promote, and reprimands. *Sharp v. City of Houston*, 164 F.3d 923, 933 (5th Cir. 1999). The Court explicitly held that this list of adverse actions was not exclusive, suggesting that the definition of adverse employment action is broader in § 1983 retaliation claims than in Title VII retaliation claims. *See Id.* at 933 n.21 (stating that the Court has "not held this list to be exclusive and [does] not do so now"). The Supreme Court has recently broadened the meaning of actionable adverse employment action for the purposes of Title VII retaliation claims. *Burlington Northern and Santa Fe Ry. Co. v. White*, 126 S.Ct. 2405 (2006). In *White* the Court rejected the "ultimate employment decision" standard—an exclusive list of actions such as hiring, ranting leave, discharging, promoting and compensating. *Id.* at 2415. The Court instead adopted the broader "material adverse standard"—meaning an action which might dissuade a reasonable worker from making a charge of discrimination or sexual

harassment. *Id.* The Fifth Circuit has not had occasion to address whether this new broader standard of adverse employment action in Title VII retaliation claims will also apply to § 1983 retaliation claims.

Plaintiff Aguilar alleges that she was discharged from her position as a Community Services Restitution Coordinator as result of her sexual harassment complaints to management. Plaintiff Rodriguez alleges that she received a reduction in pay as a result of her EEOC charge. Both of these actions occurred after May 20, 2002 and constitute adverse employment action for the purpose of § 1983 retaliation claims. *Sharp*, 164 F.3d at 933. Furthermore, both allege that they suffered increase harassment and hostility from defendant Gonzalez after reporting his conduct.

Plaintiffs Rodriguez and Aguilar have alleged violations of clearly established federal rights. The alleged retaliation was not objectively reasonable. Defendant Gonzalez is not entitled to qualified immunity on plaintiffs' § 1983 retaliation claims.

### III. Plaintiffs' State Law Claims

Defendant Gonzalez seeks to dismiss the state law claims of intentional infliction of emotional distress and assault that all plaintiffs have made against him. Because the State of Texas is immune from liability for the intentional torts of its officials, we construe these claims as being made against Defendant Gonzalez in his individual capacity. TEX. CIV. PRAC. & REM. CODE § 101.057. Defendant Gonzalez argues he is entitled to official immunity from suit under Texas law. To be entitled to such, Gonzalez must have been

performing discretionary duties that were within the scope of his authority, and he must have been acting in good faith. *Telthorster v. Tennell*, 92 S.W.3d 457,461 (Tex. 2002). To show good faith, a government official must show that his acts were within the realm of what a reasonably prudent government official could have believed was appropriate at the time in question. *Vela v. Rocha*, 52 S.W.3d 398, 404 (Tex.App—Corpus Christi 2001, no pet.); *City of Lancaster v. Chambers*, 883 S.W.2d 650, 656 (Tex.1994). Considering the harshest of the plaintiffs § 1983 Fourteenth Amendment allegations to be true for the purposes of this Rule 12(b)(6) inquiry, there is no conceivable scenario in which a reasonably prudent government official could believe Gonzalez's conduct was appropriate or within the scope of his authority. *Vela*, 52 S.W.3d at 404. With respect to plaintiffs' § 1983 retaliation claims, the alleged retaliatory action was taken within the scope of Gonzalez's authority. However, the alleged retaliatory animus motivating the infliction of adverse employment action precludes a finding of good faith. *Id*; *Colbert v. Hollis*, 102 S.W.3d 445, 448–450, (Tex.App.—Dallas 2003, no pet.). Therefore, defendant Gonzalez is not entitled to official immunity on any of the § 1983 claims.

Finally, defendant Gonzalez contends that under Texas law, a plaintiff may not recover for emotional distress on an intentional infliction theory where the emotional distress results from the same facts or conduct as a sexual harassment claim. Defendant cites as authority *Hoffman-LaRouch Inc., v. Zeltwanger*, 144 S.W.3d 438 (Tex. 2004). *Zeltwanger* holds that an intentional infliction of emotional distress claim cannot be used to circumvent

the remedial provisions and monetary caps of the Texas Commission on Human Rights Act. In the present case, plaintiffs are not asserting any TCHRA claims, nor any other state statutory sexual harassment claims against defendant Gonzalez. The § 1983 claims made against Gonzalez are not subject to state remedial or administrative limitations. As such, *Zeltwanger* and its rationale do not apply to this case.

For the foregoing reasons, the Court DENIES defendant's motion (D.E. 128) with respect to the claims of all plaintiffs.

Ordered this  2nd  day of   October   , 2006.

_____
HAYDEN HEAD
CHIEF JUDGE